IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
|    Rebecca Farmer | : | Case No. 16-24814 GLT |
|       Debtor | : | Chapter 13 |
| | : | Related to Document No. |
|    Rebecca Farmer | : | Related to Claim No. 6-1 |
|       Movant | : | |
| | : | |
|       vs. | : | |
| | : | |
| Rushmore Loan Management | : | |
|       Respondent | : | |

**OBJECTION TO PROOF OF CLAIM 6-1 FILED BY RUSHMORE LOAN MANAGEMENT**

AND NOW, comes the Debtor, Rebecca Farmer, by and through her attorney, Abagale Steidl, and Steidl and Steinberg, P.C., and respectfully represents as follows:

1) This case was commenced when the Debtor filed a voluntary chapter 13 under the United States Bankruptcy Code on December 30, 2016.
2) The Debtor has a mortgage that is currently held by Rushmore Loan Management.
3) Rushmore Loan Management filed a Proof of Claim at claim number 6-1 on May 26, 2017.
4) The proof of claim lists the principal balance owed on the loan as $15,067.27 and shows the initial date of loan default as July 1, 2014.
5) The Debtor has a prior chapter 13 bankruptcy case, filed at 09-26570, that completed and was discharged on August 18, 2015.
6) The Order Approving the Trustee's Final Accounting for the 2009 case states that the Debtor was brought current as of the date of the Chapter 13 Trustee's final case distribution. A copy of that Order is attached hereto as Exhibit "A".
7) The Trustee filed her Notice of Final Cure. A Response was filed by MTGLQ investors, LP, the then loan holder, which indicated that they agreed that the Debtor's payments were current through November 2014. A copy of that Notice is attached hereto as Exhibit "B".
8) The proof of claim in the current case indicates that the first instance of default in this case was July 2014. However, the prior bankruptcy case documents state that the loan was brought current through November 2014.

9) The Debtor would like an explanation as to why her mortgage loan was not brought current through November 2014, in accordance with the Orders of this Honorable Court at the conclusion of the 2009 bankruptcy case.

10) The Debtor's home went into foreclosure and was listed for Sheriff Sale. The foreclosure judgment stated a balance due of $19,329.12. An accounting of the judgment is attached hereto as Exhibit "C".

11) The filed proof of claim indicated that the balance needed to pay the mortgage claim in full is $28,798.65.

12) The Debtor would like an explanation as to why there is a difference of almost $10,000.00 between the balance of the foreclosure judgment and the balance on the proof of claim.

13) The filed proof of claim also includes "pre-petition fees due" of $5,678.25. The Debtor respectfully requests a complete breakdown outlining these fees.

14) Due to the inconsistencies in the filed proof of claim, at claim number 6, the Debtor respectfully requests that the proof of claim filed by Rushmore be stricken in its entirety and that within 30 days Rushmore be required to provide a complete loan history dating from the inception of the loan, together with any keys or legends necessary to decipher the loan history, and a complete accounting of the alleged pre-petition fees that are allegedly due.

WHEREFORE, the Debtor, Rebecca Farmer, respectfully requests that claim 6-1 be stricken in its entirety and within 30 days, Rushmore Loan Management is required to provide a complete loan history from the inception of the loan, together with any key or legend necessary to decipher the loan history, and a complete accounting of the alleged pre-petition fees that are allegedly due.

Respectfully submitted,

December 5, 2017  /s/ Abagale Steidl
    DATE  Abagale E. Steidl, Esquire
Attorney for the Debtor
STEIDL & STEINBERG
Suite 2830, Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 391-8000
asteidl@steidl-steinberg.com
PA I.D. No. 319217